The first case called for oral argument is People v. Williams. Counsel, whenever you're ready. Good morning. If it pleases the court, my name is Blanton Tetzel. I'm representing the appellant in this case, People v. Williams. Counsel. Your honors, I'm here before you today in regards to a statutory summary suspension. This case involved my client whereby he was stopped by the police, subsequently arrested, and his license was suspended as a result of the police officer's request for a submission for a breathalyzer test. Subsequently, my client blew the breathalyzer. I come before you because we filed a petition to rescind the statutory summary suspension and a hearing was held in Jamestown County Court. Now, at that hearing, my client testified in regards to the actions by the police officer indicating that there had not been sufficient cause or reason for the police officer to place my client under arrest. At that hearing, after the conclusion of my client's testimony, the state then proceeded with their case. At that time, the court was informed that the police officer was not available for testimony. And the state's attorney... He had been subpoenaed, is that correct? Yes, yes, the police officer was subpoenaed. And it was at that time that we were informed the police officer was not available for testimony. The state's attorney handed then a packet of reports to the court for consideration and then rested its case at that time. Now, one of the difficulties that I have in this case, and of course hindsight is 20-20, is that the proceeding was not reported. There was no report of the proceedings. There were stipulated facts that myself and the state's attorney signed at that particular time in regards to what had occurred. But many of the facts of the testimony, I will admit, of my client is not available to the court at this time. I objected at the introduction of the packet of envelope that was given to the court regarding it and over objection, the court admitted that evidence and subsequently refused the rescission of the statutory summary suspension that we had requested. Was the report of the police officer sworn? What was handed to the court at that time was unsworn documents. The only thing that was in the file is that originally under the statutory summary suspension the police officer had signed indicating that there had been, as I recall, three tests by the police officer that my client had failed. Quite obviously that was the issue that was brought before the court in the testimony of Mr. Williams at that time as to what had occurred. But the documents that were submitted were unsworn documents. What constitutes sworn? Well, either through an affidavit or through Section 109 whereby the police officer would so state that the facts are true and accurate, that is what my understanding is would be a sworn report. The state contains that the report was sworn. We have nothing. What do we have to support your assertion or their assertion? Well, the exhibit that was introduced and admitted to the court is in the court record. There is nothing in it which is constituted as exhibit number one, anything indicating that that's a sworn report. There is nothing signed or sworn which was handed to the court. Here's another thing that bothers me in regards to the fundamentals of this. Whether it's sworn or the statute uses words like official reports can be considered by the court with the right of the defendant to subpoena and inquire with the police officer as to the validity or cross-examine those reports. In this particular case, first of all, quite obviously my client was unable to cross-examine anyone as the police officer was not there. Secondly, when we talk about official reports, what is bothersome is that there was no foundation laid before the court as to what was official or whether these were actually the reports of the police officer or not. There's no foundation. In other words, the state's attorney hands the court what exhibit number one, which is allegedly the official reports of the police officer without any testimony from, oh, it could be the records department at the sheriff's office or any other individual that would substantiate the fact that these are the official reports in regards to this particular case and thus they would be admitted. Nothing was given to the court other than just handing this and saying, we want the court to consider this. So in the fairness of the ability and historically throughout Illinois in the court system, documents such as that or hearsay documents, the individual loses his right to cross-examine and bring out points in those documents that perhaps would be in error. One of the glaring ones that was mentioned that I mentioned in regards to the brief was the police officer in error had said that the occurrence didn't happen in Jackson County and my client was taken to the Jackson County Sheriff's Office jail for incarceration. They put that on the wrong counter. Now, I'm not saying that in itself is something that would make a difference in the case, but it's merely something glaring that in regards to errors that there are in situations like these that the individual who is asking for the rescission does not have the ability to question the police officer. And, of course, we relied on the subpoena that was issued by the state. That was in the file. Now, I'm not going to argue that if there hadn't been a subpoena that things might have been differently and that it may have been my obligation in regards to the subpoena of the police officer. That's what the statute says. But there was a reliance here in regards to the fact that the state had subpoenaed the police officer. We fully well expected the police officer to testify. After all, if you look at the logic of what occurred, I can't represent to the court what the state's attorney knew or did not know, but the representation for the police officer came at the conclusion of my evidence. I, at that time, would not have any ability to cross-examine that police officer. At that time, I was at a distinct disadvantage once those reports were entered into evidence. So what I'm asking is a reversal in regards to the court regarding the decision of the admittance of those exhibits, which truly prejudiced my client. The court, quite obviously, and a question may be as to what degree did the court take into consideration those documents that were handed to the court versus the testimony of my client. I can't say that. I can't say how much the court did take into consideration those documents, but quite obviously, they were admitted into evidence and the court took those documents into consideration when making a decision in this case, and that clearly prejudiced my client without the ability to cross-examine the police officer, and that aspect of the case is one where we're asking this court to reverse the ruling of the trial court. Sir, under 608, did you file a report of proceedings? Since there was no, you said there was no transcript. There was a, I believe, a report of proceedings that were filed. What we filed were also a stipulated set of facts with the state's attorney that he and I both signed a stipulated set of facts on this case. Stipulated set of facts that was part of the summary suspension hearing? No, it's part of the record here. Part of the record with respect to what went on? Yes. So we're going to be able to determine by virtue of that and the record whether or not this was a sworn statement by the officer? Well, how, yes, yes, you can. I did see that the state says that it was a sworn statement. Well, the exhibit that was admitted, what we have is the record sheet from the judge indicating what the occurrences were at the hearing, and what the record sheet shows is that the state moved from what is deemed exhibit number one, and the record reflects that I objected at that point in regards to hearsay and foundation. Exhibit number one was admitted into evidence. That exhibit is in the file. So, Your Honor, you can see for yourselves as to whether or not that particular exhibit, which was handed by the state's attorney to the court, was admitted and whether it was a sworn or an unsworn statement. That was the officer's field report? It was a combination of various documents, including the field report. The field report. Okay. What constitutes then a sworn report as opposed to the field report? Well, my understanding of a sworn report would either be one that is stated under our Civil Practice Act, under 109, that states and affirms the authenticity or the truthfulness of the statement, or an affidavit that might be attached to the document or the packet of documents indicating that these are a sworn and accurate report of what occurred at that particular time. In exhibit number one, neither one of those documents were attached to verify any of the authenticity or truthfulness of the matters that they contained. Is the field report where it references Jackson County instead of Williamson County? I believe that it does, Judge. It's in that report, I think, that it does. I can't remember which specific document in there it has. But, again, the exhibit number one was not individual documents, but it was a packet. That complaint contained probably six, seven, eight pages. I mean, you know, not to make light of it, but stapled in there could have been the New York Times. I mean, as far as a consideration of the court at that particular time of whatever that innuendo was, was the report or whatever that the police officer considered to be the report of that particular incident. So, as a result of that, again, there's not the ability to cross-examine. And, again, I point out in this particular case because the statute does allow for us to cross-examine, and I think that's where the checks and balances come in, at least according to the statute. It says that these official reports can be considered with the right of cross-examination with the defendant to subpoena the police officer. Again, the police officer was subpoenaed at this particular time. I would make one further note also. When my case concluded and then it went to the state where we were informed of the fact that the police officer was not going to be there, the record, although it's not a direct record where we have a transcript, the judge kept notes on the sheet as to what had occurred. You will note that the state did not ask for a continuance at that particular time. You're saying you were informed at the close of your case that the officer was not going to be there? Correct. Correct. And as the proceedings began, and, of course, I was there and counseled. We can take it for a grain of salt as to what happened other than what in regards to the record is accurate. But both myself and the state's attorney appeared and indicated ready for a hearing on that particular day. Then, quite obviously, it was my burden to go forth with the evidence on a rescission hearing to make a compensation case as to the rescission of the license or of the statutory summary suspension. At the conclusion of my evidence, that's when we were informed, and then the state moved for the admission of those documents. So I had no idea prior to that time. Thank you very much. Thank you, counsel. Counsel?  May it please the court? Counsel? As the court knows, the state has taken a different tack with their argument, arguing that even if this report was admitted in error, the record of the hearing is insufficient to establish that any error was prejudicial or that the defendant established a primary case and is entitled to relief. Just as a couple of preliminary notes, while the people did not directly address the merits of the defendant's argument as to the admissibility of the report in the brief, I can note that the defendant has pointed to no authority indicating that an official report for purposes of the statutory summary suspension statute must mean a sworn report. I also want to point out that it's my recollection that elsewhere in the exhibit that was admitted at the state, elsewhere in that report, the report indicated that the defendant was taken to the Williamson County Jail. So the variance to which the defendants refers was corrected elsewhere in that exhibit. The reply brief and defense here today has purported to fill in certain key gaps in the record, particularly the content of the defendant's testimony. The reply brief at page five purports to inform this court of the content of the defendant's testimony at the hearing, and we've heard that again today. But nowhere in the record on appeal, including in the set of stipulated facts to which the defense counsel agreed, does that content appear. Further, the reply brief at page five seeks to establish that the defendant set forth a primary case for rescission that was accepted by the trial judge shifting the burden to the state. Again, this just appears nowhere in the record on appeal. And further, the record does not indicate the precise basis of the foundational objection. This court should ignore these unsupported assertions, not only because they're violative of Rule 341, but also because the defense should be stopped from arguing facts different from those to which the defendant agreed in the drafting and signing of the set of stipulated facts. Now, the reply argues that prejudice from the admission of this report can easily be inferred, although I note that today the defendant has conceded that he cannot say how much the court took those documents into consideration, if at all. The problem is that this court cannot infer prejudice. The appellant had the burden of presenting this court with a sufficient record, and this court cannot presume error that is not affirmatively shown in the record. Of course, the prejudicial impact of any particular piece of evidence can only be determined in relation to the other evidence. And here, as I've noted, there's no indication in the record on appeal of what the other evidence was. Was the field report a sworn statement? Was the field report, which was admitted, a sworn statement of the officer? The defendant is correct that nowhere in the text of that report does there appear any sort of an affidavit or affirmation, signing under penalty of perjury, et cetera. There was separately, and I apologize if this confused the court, there was separately in the record on appeal a sworn statement, a sworn report, but it's true that that report was not apparently admitted. It wasn't part of the exhibit that the court considered. Right. How is it that it became part of the record on appeal if it wasn't considered in the hearing? I don't know. I'm sorry, Your Honor, I don't know the answer to that. Okay. The reply brief at page 7 asks this court to presume that the trial court found that the defendant established a prima facie case because the trial court did not issue a directed verdict and because the state introduced this piece of evidence. And I think today we've also heard the argument that the state additionally did not request a continuance. But there are other plausible interpretations of the record. Perhaps whether the defendant made out a prima facie case was never raised or considered before the state introduced this piece of evidence. I certainly would be curious for such an important finding as the finding of a defendant's prima facie case to have been omitted from the set of stipulated facts. What I'm trying to say is that just because the defendant's interpretation of the record may be one plausible interpretation does not mean that this court ought to accept it. In fact, just the opposite is true. Because the defendant's argument hinges upon certain inferences or assumptions about what the record actually might show, that's the reason that this court finds in the people's favor. And because the ambiguities and silences in the record should be construed against the appellant, not in his favor. That concludes my argument. Thank you, counsel. Counsel? Excuse me. Just briefly, just a couple of points that counsel has made. In regards to the prima facie case, the difficulty here again is that there isn't a transcript, and I have to acknowledge that. But what is void in the record was any motion by the state to move for a directed verdict that I had not met that at that particular time. Meaning this, again, I presuppose, but the record is clear that the police officer did not testify. He was not available for testimony at that particular time. I guess logic would dictate that if a prima facie case had not been made, number one, the state would have made a motion for that at that particular time. Quite obviously, they didn't have a witness. It's kind of me having to make the motion myself prove a negative is basically what it is. Again, hindsight is 20-20, and if I had a record, of course, I could point to certain instances which clearly would have shown the testimony of my client would have meant that. So I can't say that, but what I can say is that the court did not direct anything. There was no motion made by the state in regards to my particular case. My point is that it shifted to the state. They didn't have to present anything at that particular time, quite obviously. They went to introduce their case, and that's when they announced the police officer was not there, and they introduced this packet. As pointed out, the packet is unsworn, okay? But, you know, and this is the basic premise underlying all of this is that it's the credibility of what the court uses to make a determination in regards to this petition for rescission. And basically, this thing sets a precedent to the extent that virtually the state hands to the court documents that they say is the official report of the police officer without any verification whatsoever. And you will note that it's not just a field report. There were other documents when you look at Exhibit 1 that is contained therein. Again, I don't allege that those other documents necessarily are prejudicial to my client, but the point is is that anything can be handled. Shouldn't there be some fundamental basics of foundation that should be given to the court if we're going to at least use it under the guise of this is an official report that the statute says, number one? And number two, what happened with the police officer being subpoenaed and not appearing ends up to be a direct result of a detriment to my client to present his case because he cannot cross-examine what we expected the police officer to testify to. So based upon those points, we're asking you to reverse the court. Thank you. Thank you. We appreciate the brief arguments of both counsel. We'll take the case under advisement.